IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASVHILLE DIVISION

MUHAMMED MUHAMMED            )
                             )
   v.                        )  NO.   3:20-00602
                             )
BYRON PONDS, et al.          )

**TO:   Honorable Aleta A. Trauger, District Judge**

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 8, 2020 (Docket Entry No. 7), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Muhammed Muhammed ("Plaintiff") is an inmate of the Tennessee Department of Correction confined at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee. On July 25, 2020, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983, seeking relief against prison officials based on allegations that his constitutional rights were violated at the TTCC. Upon initial review, the Court found that Plaintiff stated an arguable First Amendment retaliation claim against three defendants – Raymond Byrd, Byron Ponds, and Vinnie Vantel, but the Court dismissed numerous other claims brought by Plaintiff. *See* Memorandum (Docket Entry No. 6).

Pursuant to an order entered on December 8, 2020, Order, the Clerk mailed to Plaintiff three service packets, which he was to complete and return to the Clerk's Office within 30 days so that process could issue in the case. *See* Docket Entry No. 5. To-date, Plaintiff has not returned the

completed service packets or otherwise made any type of response to the December 8, 2020, Order. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since filing an amended complaint on August 14, 2020.

Rule 4(m) requires that defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action must be dismissed.

It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return service packets as directed or to otherwise undertake any activity in the case for over eight months indicates that he has lost interest in prosecuting his case.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

2

Case 3:20-cv-00602   Document 8   Filed 04/21/21   Page 2 of 3 PageID #: 55

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge